Arthur MILLS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12646.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 13, 1955.

Decided Dec. 29, 1955.

Messrs. Eldon H. Crowell and John E. Hartshorn, Washington, D. C. (both appointed by this Court), for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This appeal is from a conviction of larceny, and of housebreaking with intent to steal. D.C.Code 1951, §§ 22–2201, 22–1801. The defendant admitted he entered George Wasserman's office and took property from a safe there. He contended he did so with Wasserman's consent. The ownership of the property was made a major issue in the case, and the court's charge dealt with the matter at length. The court instructed the jury to the effect that Wasserman's consent could not excuse the defendant if the property belonged to a corporation and not to Wasserman.

This was error. An intent to steal is an essential ingredient of the crimes charged. If the defendant entered the place and took the property with the consent of a man he believed to be its owner, the defendant had no intent to steal.

The defendant's trial counsel, unlike his present counsel, failed to point

out exactly why the charge was wrong. He said: "it is counsel's position that if the defendant Mills did it with the consent of Wasserman that he is not guilty." This statement required a qualification that counsel did not add, to this effect; "provided the defendant believed Wasserman to be the owner of the property." But in Screws v. United States counsel had taken no exception to an erroneous charge, and the Supreme Court said: "where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion." 325 U.S. 91, 107, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495. The error in this case was fundamental. It follows that we must reverse the conviction.

In the opinion of a majority of this court, the District Court did not err in denying a motion to suppress evidence.

Reversed.