**Willie D. HEARD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4344.

District of Columbia Court of Appeals.

Argued June 24, 1968.

Decided Aug. 8, 1968.

William J. Garber, Washington, D. C., for appellant.

Lawrence Lippe, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

FICKLING, Associate Judge:

On January 3, 1966, appellant was arrested at his home for the offense of abortion. After placing him under arrest, the officers searched the premises pursuant to

10. D.C.Code 1967, § 16–1505.

a valid search warrant and found certain abortion instruments, a sawed-off shotgun, and a pistol. The weapons were not described in the search warrant, nor did the officers at the time of the seizure know that the pistol was stolen. When the officers learned the pistol had been stolen, appellant was charged with receiving stolen property in violation of D.C. Code 1961, § 22–2205, and was convicted at the trial below.

■ Appellant claims that the seizure of the pistol was illegal because that weapon was not described in the search warrant. This point was settled to the contrary in Palmer v. United States, 92 U.S.App.D.C. 103, 104, 203 F.2d 66, 67 (1953), which upheld the right of police, while making a search, to seize the articles authorized by the search warrant and "weapons by which escape of the person arrested might be effected." [1]

Appellant also claims the trial court erred in refusing to grant him a new trial because of newly discovered evidence.

In the trial below, an Officer Jefferson, who did not testify in the case in chief, was called to rebut the testimony of appellant that he telephoned Jefferson on or about November 11, 1965, concerning certain articles (including the seized weapons) which he believed might have come from ⸪ housebreaking. Jefferson testified that he talked to appellant on December 19, 1965, about the articles in question, with the exception of the pistol. Later, in May 1967, at a trial in the United States District Court for the District of Columbia in which appellant was charged with possession of the sawed-off shotgun, the same officer, Jefferson, testified that his testimony in the Court of General Sessions was false with respect to the date on which he had talked to appellant, and that he had spoken with appellant on or about November 11, as appellant had testified. The reason given by the Government for the discrepancy was that before the second trial, unlike the first trial, the officer had a chance to refresh his recollection.

The only substantial conflict in Officer Jefferson's testimony concerned the date on which he spoke to appellant. Except with respect to the pistol, it corroborated appellant's testimony as to what transpired when they did meet, whether it was November or December 1965.

■ The prerequisites for the granting of a new trial because of newly discovered evidence are: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. [2]

■ This difference in testimony concerning dates is merely impeaching evidence and is not material to the issues here involved, nor is it probable that in a new trial appellant would be acquitted because of it.

The trial court has a broad discretion as to whether a new trial should be granted because of newly discovered evidence, and its action will not be disturbed on appeal unless an abuse of that discretion appears. McDonnel v. United States, 81 U.S.App.D.C. 123, 155 F.2d 297 (1946); O'Bryant v. District of Columbia, D.C.App., 223 A.2d 799, 801 (1966).

We find no abuse of discretion, and the judgment is

Affirmed.

1. See Harris v. United States, 331 U.S. 145, 151, 154, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

2. Thompson v. United States, 88 U.S.App. D.C. 235, 236, 188 F.2d 652, 653 (1951).