Donald A. TOWNSEND, Appellant,

v.

UNITED STATES, Appellee.

No. 87–811.

District of Columbia Court of Appeals.

Argued Sept. 19, 1988.
Decided Nov. 4, 1988.

Jefferson M. Gray, appointed by this court, with whom Robert L. Weinberg, Washington, D.C., was on the brief, for appellant.

Mary Ellen Abrecht, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, Michael W. Farrell, Elizabeth Trosman, and Thomas E. Zeno, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

▮ Appellant was convicted after a jury trial of first-degree felony murder, D.C. Code §§ 22–2401 (1981), –3202 (1988 Supp.); attempted robbery while armed, *id.* §§ 22–2902 (1981), –3202 (1981 Supp.); and carrying a pistol without a license, *id.* § 22–3204 (1981). On appeal, we remanded the case for vacation of the attempted armed robbery conviction[1] but affirmed in all other respects. *Townsend v. United States*, 512 A.2d 994 (D.C.1986), *cert. denied*, — U.S. —, 107 S.Ct. 2188, 95 L.Ed.2d 843 (1987). Having subsequently pursued his quest for post-conviction relief in the Superior Court, appellant now brings this appeal. He contends that the trial court erred in denying without an evidentiary hearing both his motion for a new trial based on newly discovered evidence and ineffective assistance of counsel, and his motion pursuant to D.C. Code § 23–110 (1981) based on what he perceives to be a violation of his speedy trial right.[2] We affirm.[3]

I

As the facts adduced at trial in this case are set out in some detail in our earlier decision, *see Townsend, supra,* 512 A.2d at 997, we reiterate them only briefly here. On March 18, 1982, Cash Walker stopped by appellant's home to borrow a cigarette. After a brief discussion, the two set out with a neighbor, Anthony Pixley ("Andy"), to rob a local drug dealer with whom Walker had dealt in the past, Francis Gantt. All three were armed.

When they arrived at Gantt's apartment, Walker knocked on the door; Gantt answered and invited him in. Just as Gantt was closing the door behind them, Pixley and appellant attempted to force their way in. Gantt tried to block the door, but Pixley pulled his gun and fired three shots at him—two of which found their mark. Gantt managed to force his way past his attackers, was shot once by appellant, and

---

1. *See Price v. United States*, 531 A.2d 984, 989 n. 7 (D.C.1987); *Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980).

2. This last contention is without merit. Appellant bases his speedy trial argument on the one year and ten day delay between his indictment and trial. In considering appellant's original appeal, we accepted the government's explanation for the delay at face value, as appellant urged us to do, and concluded there was no speedy trial violation. *Townsend, supra,* 512 A.2d at 998–99. Based on that holding, then, the motions court properly denied appellant's motion, and we decline to revisit the issue. *See Doepel v. United States,* 510 A.2d 1044, 1046 (D.C.1986).

   Even if we were to disbelieve the government's proffered explanation, appellant's argument would fail to meet the test set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). The length of delay over the one-year "prima facie" violation period was negligible, *see Wright v. United States,* 513 A.2d 804, 810 n. 8 (D.C.1986) (one year, two week delay "barely enough for a presumptive speedy trial violation"); no prejudice was shown, *see Townsend, supra,* 512 A.2d at 998; and appellant did nothing to assert his right until his first appeal, *id.* (citing *Rink v. United States,* 388 A.2d 52, 58–59 (D.C.1978) (failure to raise issue until appeal greatly cripples claim)); *see Graves v. United States,* 490 A.2d 1086, 1098 (D.C.1984) (en banc).

3. We also deny appellee's Motion to Strike Nonrecord Material from Appellant's Volume of Appendices, and grant appellant's Motion to Supplement the Record.

staggered out of the apartment building where he died. His three assailants retreated to their car and drove Walker, who had been hit by one of Pixley's three shots, to a local hospital.

Walker later confessed to his role in the murder, and inculpated appellant and Andy. Appellant was arrested and approximately 310 days later, on February 3, 1983, a grand jury returned an indictment against appellant. On March 2, 1983, appellant went to trial. After a mistrial, a new jury was impaneled and two days later found appellant guilty on all counts. Townsend subsequently appealed from his conviction, asserting, *inter alia,* a violation of his right to a speedy trial and an abuse of discretion by the motions court in refusing to grant a new trial based on newly discovered evidence and ineffective assistance of counsel. We affirmed his convictions on all but the attempted armed robbery count which we directed the trial court to vacate.

In a bid to place before the motions court arguments advanced for the first time on appeal, appellant filed a § 23–110 motion alleging a speedy trial violation, as well as a motion for a new trial. After a hearing on March 20, 1987, the court denied the motions, issuing a written order filed on June 1, in which it set forth its reasons for the denial. This appeal followed.

## II

### A.

Initially, we address appellant's contention that the motions court erred in denying without an evidentiary hearing[4] his motion for a new trial. He argues that he is entitled to a new trial based on what he characterizes as "newly discovered evidence." We review the motions judge's grant or denial of a new trial motion only for abuse of discretion, *Hawthorne v. United States,* 504 A.2d 580, 595 (D.C.

1986); *accord, United States v. Kelly,* 252 U.S.App.D.C. 308, 790 F.2d 130 (1986); and we will uphold the denial of such a motion as long as that denial is reasonable and supported by the evidence in the record, *see Hawthorne, supra,* 504 A.2d at 595; *see also United States v. Johnson,* 327 U.S. 106, 111–13, 66 S.Ct. 464, 466–67, 90 L.Ed. 562 (1946).

In order to prevail on a motion for a new trial based on newly discovered evidence, a defendant must show that

(1) [ ] the evidence was newly discovered since trial; (2) [the defendant] has demonstrated diligence in [his] efforts to procure the evidence; (3) [ ] the evidence is [not] merely cumulative or impeaching; (4) [ ] the evidence is material to the issues involved; and (5) [ ] the evidence is of such a nature that an acquittal would likely result from its use.

*Smith v. United States,* 466 A.2d 429, 432 (D.C.1983) (citing *Heard v. United States,* 245 A.2d 125, 126 (D.C.1968)). The motions court assumed for purposes of its analysis that appellant met the first two prongs of the *Heard* test. No mention is made of the third or fourth, and we conclude it did likewise with those prongs.

■ We are thus left to review the motions court's application of the fifth prong to the "newly discovered evidence" offered by appellant: a statement given by Anita Bealle on April 18, 1983. In her statement, Bealle recalled her version of the events that occurred the morning of the shooting:

Last March sometime I was sitting in my living room on the couch.... I heard some people walking up the steps. And then I heard some loud knocking on a door like somebody was banging on a door with his fists. Then I heard somebody talking kinda loud. I hear someone say "No man, you got our shit!" Then I heard the gun shot. After I heard the gun shot I heard some people running

---

4. For the sake of clarity, we note that while both parties presented their arguments orally to the trial court at the March 20 hearing, the court did not permit appellant to subpoena and introduce into evidence certain grand jury and other documents regarding his claims. Thus, while there was a hearing on the topic, it was not an "evidentiary hearing" as that term is ordinarily used in the Superior Court. It is the trial court's failure to take this extra step to which appellant assigns error.

down the stairs and then I heard three more shots. I looked out the peephole and saw three guys running out the door.

Appellant points to the apparent discrepancy between Bealle's statement that she heard someone say "You got *our* shit!" and the government's principal witness at trial who testified that he said "Where is *the* shit?" From this semantic variance, appellant constructs a scenario in which "whoever climbed the stairs to Gantt's apartment that morning did so ... because Gantt had reneged on a narcotics deal and was holding narcotics ("our shit") that Walker and his companions claimed to be theirs." Thus, he concludes, the Bealle affidavit establishes a claim of right defense for appellant negating the attempted armed robbery count and undermining the felony murder count. In addition, appellant concludes that the discrepancy raises serious questions about Walker's veracity.

■ In contrast, in the view of the motions judge,[5] the discrepancy between the use of the possessive "our" and the article "the" was insufficient to satisfy the fifth

prong of *Heard.* We agree. Appellant's "newly discovered evidence" is not of "such a nature that an acquittal would likely result from its use." *Heard, supra,* 245 A.2d at 126. Bealle's statement does not contradict testimony placing appellant at the scene; neither does it support a claim of right defense,[6] nor does it cast shadows of unreliability on the damning testimony of Walker. The motions court was thus fully capable of reaching the conclusion that appellant had not met the fifth prong of the *Heard* test and there was no need to resort to an evidentiary hearing. We thus uphold as properly within the motion court's discretion the denial of appellant's motion for a new trial based on newly discovered evidence. *See Hawthorne, supra,* 504 A.2d at 595. An appellate court is not likely to upset a conviction on such a flimsy basis.

### B.

Appellant next contends that the motions court erred in denying without an evidentiary hearing[7] his motion for a new trial based on ineffective assistance of counsel.[8]

---

5. And in our view, albeit in *dictum,* in *Townsend.*

6. Appellant's reliance on a claim of right defense as a basis for acquittal is misplaced. We have never held that a person can use forcible self-help to retake illegal drugs from another. Nor do we now, *cf. People v. Reid,* 69 N.Y.2d 469, 508 N.E.2d 661, 664, 515 N.Y.S.2d 750 (1987) (collecting cases from other jurisdictions); *Cates v. State,* 21 Md.App. 363, 368, 320 A.2d 75, 79 (1974); *Commonwealth v. Sleighter,* 495 Pa. 262, 265, 433 A.2d 469, 471 (1981) (no justification for using robbery to collect an illegal debt); *People v. English,* 32 Ill.App.3d 691, 693, 336 N.E.2d 199, 201 (1975) (same); *People v. Karasek,* 63 Mich.App. 706, 712, 234 N.W.2d 761, 765 (1975); for to do so would be to give our imprimatur to an act the completion of which is itself a criminal offense, *see* D.C. Code § 33–541(a)(1) (possession with intent to distribute a controlled substance); *id.* § 33–541(d) (possession of a controlled substance); *cf.* 52A C.J.S. *Larceny* § 26, at 449–50 (1968) (claim of right defense exists only where "one takes the property of another and converts it to his own use, believing it to be *legally* his own, or that he has a *legal* right to possession").

The cases cited by appellant to support his position are inapplicable here. *Cates, supra,* 21 Md.App. at 374, 320 A.2d at 82, explicitly rejects the proposition for which appellant cites it.

*Richardson v. United States,* 131 U.S.App.D.C. 168, 403 F.2d 574 (1968), and *Smith v. United States,* 330 A.2d 519 (D.C.1974), both deal with the collection of a sum certain of money owed as a debt and are thus distinguishable. Even assuming the existence of a claim of right defense, there is no evidence in the record, nor has appellant argued, that he knew Gantt or had prior dealings with him. It is thus highly improbable under appellant's scenario that Gantt could have somehow possessed drugs which appellant believed to be his. This negates any claim of right defense. *See People v. Hodges,* 113 A.D.2d 514, 496 N.Y.S.2d 771, 773 (2d Dept. 1985), *appeal denied,* 67 N.Y.2d 884, 492 N.E.2d 1243, 501 N.Y.S.2d 1036 (1986). In addition, to successfully invoke the claim there would have to be evidence that appellant wanted neither money nor other drugs from Gantt—only his own drugs. *Cf. Smith, supra,* 330 A.2d at 521 (where amount or nature of items taken exceeds amount owed, no claim of right defense). This is precluded by Walker's testimony.

7. See *supra* n. 4.

8. We note that the preferred method of leveling a challenge at the effectiveness of trial counsel is through a motion pursuant to D.C. Code § 23–110. *See United States v. Higdon,* 496 A.2d 618, 620 (D.C.1985); *Alexander v. United States,* 409 A.2d 618, 620 (D.C.1979).

To prevail on a claim that the actions (or inactions) of counsel have abridged the right to effective assistance of counsel, the movant must show both that his trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984); *Hockman v. United States*, 517 A.2d 44 (D.C.1986). However, if appellant cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Townsend, supra*, 512 A.2d at 1001 (citing *Strickland, supra*, 466 U.S. at 694, 104 S.Ct. at 2068), this court need not determine whether counsel's performance was in fact deficient, *Watson v. United States*, 536 A.2d 1056, 1065 (D.C. 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1740, 100 L.Ed.2d 203 (1988).[9] We move first then to consider whether appellant meets the strictures of the second prong of the *Strickland* analysis.

■■■ The error upon which appellant predicates his argument that the performance of his attorney was deficient was counsel's failure to unearth Bealle's statement and call her as a witness at trial. Although the issue was not actually before us in Townsend's previous appeal, we noted that such a contention was without merit. *Townsend, supra*, 512 A.2d at 1001–02. Now that the issue is still another time before us, we reaffirm our ruling. Based on our disposition of appellant's newly discovered evidence argument, we agree with the motions court that there was "no reasonable probability that Bealle's testimony would have resulted in a different verdict from an objective decision maker." Appellant's contentions are thus

> insufficient to establish that the entire trial cannot be relied on as having produced a just result.... [C]ounsel ably presented an alibi defense, which the jury declined to credit. In presenting that defense, and generally throughout the trial, counsel was functioning as

"counsel" as contemplated by the Sixth Amendment.

*Id.; see Hill v. United States*, 489 A.2d 1078 (D.C.1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). Hence, we conclude that the motions court did not err in denying the motion, nor in doing so without an evidentiary hearing. *See Ellerbe v. United States*, 545 A.2d 1197, 1199 (D.C.1988) (*per curiam*) (citing *Hockman, supra*, 517 A.2d at 48); *cf. Session v. United States*, 381 A.2d 1 (D.C. 1977) (defendant entitled to hearing when existing record could not illuminate charges of ineffective assistance).

AFFIRMED.

---

9. In passing, we observe an inconsistency between appellant's assertion that counsel was deficient in failing to discover the Bealle statement, and his argument regarding the new trial motion based on newly discovered evidence where he contends that counsel "has demonstrated diligence in [his] efforts to procure the [statement.]" *Smith, supra*, 466 A.2d at 432.