**Vincent L. SIMMONS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–1065.**

District of Columbia Court of Appeals.

Argued Nov. 8, 1988.

Decided March 9, 1989.

---

Bert W. Kapinus, Mount Rainier, Md., appointed by this court, for appellant.

William M. Blier, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Helen M. Bollwerk and G. Paul Howes, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before BELSON and TERRY, Associate Judges, and REILLY, Senior Judge.

TERRY, Associate Judge:

Appellant was charged in a single-count indictment with robbery[1] and was found guilty as charged after a jury trial. Appellant now challenges his conviction on the ground that the trial court erred in refusing to instruct the jury on the lesser

1. D.C.Code § 22–2901 (1981).

included offense of taking property without right.[2] We agree that appellant was entitled to the instruction, and thus we reverse his conviction and remand the case for a new trial.

I

At about 5:30 a.m. on March 12, 1987, Sharon Stewart left a convenience store at Fourteenth Street and Rhode Island Avenue, N.W., and began to walk north along Fourteenth Street. Her purse hung from her left shoulder, secured by its carrying strap. After she had walked a short distance, appellant approached her from behind, pushed her against a parked car, snatched her purse, and ran down the street with it. It was uncontested that appellant tore the purse from Stewart's person with such force that the shoulder strap broke. Stewart denied having had any conversation with appellant before he took the purse.

Stewart immediately flagged down a passing police car and told its occupant, Metropolitan Police Officer Philip Dorsey, what had just happened to her. She also pointed toward appellant as he fled and identified him as the thief. Officer Dorsey gave chase in his police car and arrested appellant after he became winded.

A second police officer, Clarence Douglas, testified that he had seen the entire incident from his unmarked car, from which he had been watching Stewart and a group of suspected prostitutes.[3] Officer Douglas confirmed Stewart's testimony that she had had no contact or conversation with appellant before he approached her from behind, pushed her, snatched her purse, and fled. Officer Douglas joined Officer Dorsey in pursuit of appellant and assisted in his capture.

Appellant gave a different account of what happened. He testified that he and Stewart had agreed that she would perform certain sexual services for money, that he had paid her $30 in advance, but that she had then refused to perform or to return his money. He therefore took her purse, he said, "because I was going to take my money out if it was ... in there." He insisted that he "was going to look in the pocketbook right there" to retrieve his money, and that he fled with the purse only because Stewart began screaming and because he saw an approaching police car.

After each side had rested, defense counsel asked the court to instruct the jury on the lesser included offense of theft[4] and on the defense theory of the case, i.e., that appellant took the purse under a claim of right. The latter instruction, if the jurors believed appellant's testimony, would have enabled the jury to conclude that appellant lacked a specific intent to steal, which is an element of robbery. See Richardson v. United States, 131 U.S.App.D.C. 168, 169–170, 403 F.2d 574, 575–576 (1968). When the trial resumed the next morning, however, counsel revised his request. He reasserted that he thought an instruction on the claim of right defense would be proper,[5] but withdrew his request for an instruction on theft and asked instead that the jury be instructed on the lesser included offense of taking property without right.

The trial court agreed that taking property without right could be a lesser included offense of robbery but noted that taking property without right was not a

---

2. D.C.Code § 22–3816 (1988 Supp.).

3. Stewart had twice been convicted of soliciting for prostitution, and at the time of trial an additional charge of soliciting was pending against her.

4. D.C.Code §§ 22–3811 and 22–3812 (1988 Supp.).

5. We agree that whether appellant had the requisite specific intent was a material issue at trial, but we have some concern about the claim

of right instruction, which the court eventually gave. This court has never held that one may use "forcible self-help" to recover what is essentially an illegal debt. See Townsend v. United States, 549 A.2d 724, 727 n. 6 (D.C.1988). We need not decide whether the instruction was erroneously given in this case, however, for if it was, the error was beneficial to the defense, and the government has not complained of it.

jury-triable offense.[6] Consequently, the court reasoned, if appellant could be convicted of taking property without right at all, only the court—and not the jury—could determine his guilt on that charge. The court therefore refused to give a lesser included offense instruction.[7]

## II

In denying defense counsel's request for an instruction on taking property without right, the trial court committed two errors. First, it failed to recognize that the evidence justified the giving of the instruction. Second, and more fundamentally, it erred in basing its refusal to give the instruction on the ground that taking property without right is not a jury-triable offense.

### A

██ "A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge." *Rease v. United States*, 403 A.2d 322, 328 (D.C.1979) (citations omitted). Larceny (or theft) is a lesser included offense of robbery, *Dublin v. United States*, 388 A.2d 461, 463 (D.C.1978), and taking property without right is a lesser included offense of larceny, *Fogle v. United States*, 336 A.2d 833, 834 (D.C.1975). It logically follows that taking property without right is a lesser included offense of robbery, and

that this case therefore meets the first of the two requirements stated in *Rease*.

As for the second requirement, it is settled beyond dispute that a trial court should give a lesser included offense instruction, upon request, if "proof of the greater offense will require the jury to find a disputed fact that need not be found to prove the lesser charge." *Rease v. United States, supra*, 403 A.2d at 328–329 (citations omitted); *accord, e.g., Lightfoot v. United States*, 378 A.2d 670, 673 (D.C. 1977) (giving of instruction depends on whether there is a "disputed factual element" distinguishing the greater offense from the lesser). "[A]ny evidence, 'however weak,' will satisfy this requirement." *Rease, supra*, 403 A.2d at 329 (citations omitted).

██ As defense counsel correctly pointed out to the trial court, there was clearly a disputed factual element in this case: appellant's intent in taking the purse. Robbery, of course, is a specific intent crime. *United States v. Owens*, 332 A.2d 752, 753 (D.C.1975); *Richardson v. United States, supra*, 131 U.S.App.D.C. at 169, 403 F.2d at 575. Taking property without right, on the other hand, requires only a general intent. *Tibbs v. United States*, 507 A.2d 141, 143 (D.C.1986). The jury could have found, if it credited appellant's testimony, that he lacked the specific intent to steal Sharon Stewart's purse yet possessed the general intent to take it without right.[8] Thus we conclude that there was an evidentiary basis for an instruction on taking

6. Under D.C.Code § 16–705(b)(1) (1981), a jury trial is available (where not constitutionally required) only when the defendant is charged with an offense "punishable by a fine or penalty [of] more than $300 or by imprisonment for more than ninety days...." The maximum penalty for taking property without right is a $300 fine or ninety days' imprisonment, or both. D.C.Code § 22–3816 (1988 Supp.). Accordingly, under *Alston v. United States*, 509 A.2d 1129, 1130 n. 3 (D.C.1986), *Galison v. District of Columbia*, 402 A.2d 1263, 1265 n. 1 (D.C.1979), and *Dobkin v. District of Columbia*, 194 A.2d 657, 659 (D.C.1963), a defendant charged with taking property without right is not entitled to a jury trial.

7. Although defense counsel withdrew his request for the instruction after the court ruled, we reject the government's argument that we must find plain error in order to reverse. Under the circumstances, we think the instructional issue has been adequately preserved for appellate review. Counsel's withdrawal of his request after it had been denied was, at worst, an empty gesture of no substantive significance.

8. We note that appellant was charged in the indictment with robbing Stewart of "a pocketbook and its contents," not just the $30 which he said Stewart owed him. Thus, even if he had a right to take the $30, as he asserted, he had no right to take the purse and the rest of its contents.

property without right.[9]

B

In seeking affirmance of the trial court's ruling, the government argues that because taking property without right is a non-jury-triable offense, the question of appellant's guilt or innocence of that offense was exclusively for the trial court to decide if the jury acquitted appellant on the robbery charge. As authority for this notion, the government principally relies on *Copening v. United States*, 353 A.2d 305 (D.C.1976). *Copening*, however, does not support its argument.

In *Copening* the appellant was charged with three *separate* offenses; one was jury-triable, but the other two were not. *Copening* holds only that when a defendant is charged in a single indictment or information with multiple offenses, some of which are not jury-triable, the court may submit to the jury only the jury-triable charges, resolving the non-jury-triable charges itself. Underlying the *Copening* holding is the principle that each count in an indictment is a separate charge, conceptually distinct from the other counts.[10] This makes it possible for the court to conduct what are, in essence, simultaneous trials of the jury-triable and non-jury-triable offenses. *Copening* does not apply when a defendant is charged in a single count with a single offense, as in this case, and thus it cannot displace our well-established case law governing jury instructions on lesser included offenses. That case law makes clear that when a jury considers any offense with which a defendant is charged, it is also to be instructed, upon request, on any lesser included offenses when the evidence warrants such an instruction.

We hold that this case is governed not by *Copening* but by Superior Court Criminal Rule 31(c), which provides:

The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

We construe this rule as requiring the jury, when the case is tried to a jury, to determine the defendant's guilt of all lesser included offenses within each discrete count of an indictment or information, even though some or all of the lesser included offenses may not be jury-triable if separately charged. It follows that the court must instruct the jury, upon request, on *any* lesser included offense, jury-triable or not, whenever there is a basis in the evidence for such an instruction.[11]

---

9. One of the elements of taking property without right (as well as robbery) is that the defendant "carried away" the property of another. *Tibbs v. United States, supra,* 507 A.2d at 144. The trial court, at defense counsel's request, gave the following special instruction to the jury:

It is claimed that the defendant fled the scene with this purse in hand. That conduct, if believed by you, does not constitute robbery; rather, that conduct alone does not constitute robbery. He is not being accused here of the offense of robbery for that conduct. Rather, the alleged robbery is the alleged forcible taking of the property of the complaining witness.

This instruction was designed to focus the jury's attention on those alleged acts which constituted the charged offense of robbery. It did not, however, eliminate the element of asportation from the case. We have made clear in several cases that the slightest moving of an object from its original location may constitute an asportation. *E.g., Durphy v. United States,* 235 A.2d 326, 327 (D.C.1967); *Ray v. United States,* 229 A.2d 161, 162 (D.C.1967). Thus a trier of fact in this case could reasonably find asportation in the removal of the purse from the victim's shoulder, without even considering appellant's subsequent flight with the purse in his hand.

10. This is the same principle that permits juries to return inconsistent verdicts. *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932). Although some of the language in *Dunn* may be subject to question in light of subsequent case law dealing with double jeopardy and collateral estoppel, *see United States v. Powell,* 469 U.S. 57, 63–64, 105 S.Ct. 471, 475–476, 83 L.Ed.2d 461 (1984), the conceptual premise of *Dunn* (and of *Copening*)—that each count in an indictment is regarded as a separate charge—remains sound and uneroded.

11. For this reason we trust that the editors of the Criminal Jury Instructions for the District of Columbia, who are now updating that estimable volume, will retain or include in their next edition instructions on the more common non-jury-triable crimes (such as taking property

### III

Because there was an evidentiary basis in this case for an instruction on taking property without right, we hold that the court erred in denying defense counsel's request for such an instruction. Appellant's conviction is therefore reversed, and this case is remanded for a new trial.

**REVERSED AND REMANDED.**

without right) which may be included within charges of greater offenses (such as robbery or theft).