Tywan L. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CM–221.

District of Columbia Court of Appeals.

Argued April 25, 1996.

Decided May 16, 1996.

Christopher Warnock, Washington, DC, for appellant.

Marian Flynn, Washington, DC, for appellant.

John Moustakas, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese III, and Barry D. Glickman, Assistant United States Attorneys, were on the brief, for appellee.

Before FERREN, SCHWELB, and KING, Associate Judges.

FERREN, Associate Judge:

Tywan Brown, appellant, was charged by information on October 19, 1994, with one count of possession of cocaine, D.C.Code § 33–541(d) (1995 Supp.), after police officers, during an investigatory stop, had seen him toss to the ground a folded piece of brown paper later shown to contain crack cocaine. After a bench trial on January 12–13, 1995, the trial judge found Brown guilty of possession of cocaine and sentenced him to four months in prison. Brown contends on appeal that the trial judge erred in denying his demand for a jury trial. We affirm.

## I.

The Sixth Amendment right to a jury trial encompasses only "serious," not "petty," offenses. *See Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968); *District of Columbia v. Clawans,* 300 U.S. 617, 624, 57 S.Ct. 660, 661–62, 81 L.Ed. 843 (1937). More recently, in *Blanton v. City of N. Las Vegas,* 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), the Supreme Court announced the presumption that "an offense carrying a maximum penalty of six months or less" of incarceration is a "petty" offense. *Id.* at 543, 109 S.Ct. at 1293; *see also Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); *Dyke v. Taylor Implement Mfg. Co.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). Although a defendant is not foreclosed from arguing that a presumptively petty offense is "serious," triggering Sixth Amendment protection, the defendant has the burden of rebutting the presumption by proving that

> any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one.

*Blanton,* 489 U.S. at 543, 109 S.Ct. at 1293; *see also United States v. Nachtigal,* 507 U.S. 1, 113 S.Ct. 1072, 122 L.Ed.2d 374 (1993).

Brown contends that possession of cocaine is "serious" despite the 180–day maximum prison term that applies to this offense. *See* D.C.Code § 33–541(d). The "additional statutory penalties" he relies on to rebut the presumption that the offense is "petty" include: (1) his eligibility for recidivist penalties set forth in D.C.Code §§ 22–104(a) and 33–548(a); (2) the fact that another trial judge, as a result of the present offense, revoked Brown's probation and reimposed a previously suspended sentence for possession of cocaine; and (3) the fact that he could have been prosecuted under a federal law with a one-year maximum period of incarceration. Brown also cites the legislative history of the Omnibus Criminal Justice Reform Amendment Act of 1994, D.C. Law 10–151, 41 DCR 2608 (1994) ("Misdemeanor Streamlining Act"), in an effort to demonstrate that, despite the 180–day maximum sentence, the Council considered cocaine possession "serious." None of these contentions has merit.

As to Brown's argument that his offense was "serious" because of his eligibility for recidivist penalties, we note that on March 13, 1994, Brown had pled guilty to one count of possession of cocaine and had received a suspended sentence. Consequently, he qualified for additional penalties under D.C.Code § 22–104(a) and § 33–548(a) when the government charged him with a second such offense—the present case—on October 19, 1994. The government, however, never exposed Brown to the possibility of an enhanced sentence in this case by filing with the court a notice of prior convictions and prosecuting him as a repeat offender. *See* D.C.Code § 23–111(a)(1) (1989 Repl.); *Lucas v. United States,* 602 A.2d 1107, 1110 (D.C. 1992). In any event, this court already has concluded that mere eligibility for recidivist penalties will not rebut a *Blanton* presumption that an offense is "petty." As we recently said in *Foote v. United States,* 670 A.2d 366 (D.C.1996), where the appellant presented a claim identical to the one advanced here: "reliance on 'commonplace' recidivist penalties which [the defendant] personally was not facing is foreclosed by *Blanton.*" *Id.*

at 373 (quoting *Blanton,* 489 U.S. at 545, 109 S.Ct. at 1294).[1]

■ Brown also claims the right to a jury trial because another judge revoked his probation for a prior conviction for drug possession and reimposed a suspended sentence. As a result, Brown served an additional 120 days in prison. Brown mistakenly characterizes this activation of his suspended sentence as an additional statutory penalty attributable to the present offense. To the contrary, Brown's probation revocation was a continuation of the prosecution of his first offense. *See Jones v. United States,* 669 A.2d 724, 727 (D.C.1995); *Hardy v. United States,* 578 A.2d 178, 181 (D.C.1990); *United States v. Soto–Olivas,* 44 F.3d 788, 789 (9th Cir.), *cert. denied,* 115 S.Ct. 2289 (1995). The fact that this revocation was triggered by the present offense does not make the additional 120 days in prison part of the punishment for this second offense.

■ Brown further contends that his offense was "serious" because he could have been exposed to a maximum penalty of one year in prison, *see* 21 U.S.C. § 844(a) (1994), instead of 180 days, *see* D.C.Code § 33–541(d), if the government had prosecuted him for possession of cocaine under federal law. This contention has no merit. The fact that Congress has fixed a maximum one-year penalty for possession of cocaine, while relevant to deciding whether the right to a jury trial attaches to the federal offense, is irrelevant to determining whether the local offense under which the government charged Brown is "serious" or "petty." The question is not whether some other legislative authority, such as Congress, considers an offense "serious," but whether the Council of the District of Columbia does so. *See Blanton,* 489 U.S. at 545 n. 11, 109 S.Ct. at 1294 n. 11.

■ Brown also relies on portions of the legislative history of the Misdemeanor Streamlining Act of 1994—in which the Council of the District of Columbia reduced the maximum period of incarceration for possession of cocaine (and other crimes) from one year to 180 days—to argue that the Council understood that the cocaine possession offense was "serious." Brown's reliance on legislative history is foreclosed by this court's decisions in *Foote* and in *Stevenson v. District of Columbia,* 562 A.2d 622 (D.C. 1989) (per curiam), where we explicitly declined, in light of *Blanton*'s focus on plain statutory penalties, to search the legislative history of the Act for indications that the Council believed one or more of the offenses was "serious." *See Foote,* 670 A.2d at 370; *Stevenson,* 562 A.2d at 623 n. 1.

Finally, Brown contends the Misdemeanor Streamlining Act is unconstitutional. He adopts by reference the arguments presented in appellants' briefs in *Pinnix v. United States,* No. 95–CM–403, and *Burgess v. United States,* No. 95–CM–1352, two cases currently pending before this court. We decline to consider these arguments, however, because Brown has failed to comply with D.C.App. R. 28(a)(5) (1995), which requires an appellant's brief to contain not only "the contentions of the appellant with respect to the issues presented" but also "the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." *See Ramos v. United States,* 569 A.2d 158, 162 n. 5 (D.C.1990). This is not a case involving multiple appellants in consolidated appeals where our rules specifically permit an appellant to "adopt by reference any part of the brief of another." D.C.App. R. 28(j).[2]

*Affirmed.*

---

1. Although the appellant in *Foote* relied upon the recidivist penalty codified in D.C.Code § 22–104(a) to defeat the presumption that possession of cocaine and drug paraphernalia were "petty" offenses, *Foote*'s logic applies equally to reliance upon the recidivist penalty set forth in § 33–548(a).

2. To the extent appellant can be said to have supplied his own argument of unconstitutionality based on an alleged statistical disparity between convictions in bench trials and in jury trials, respectively, we reject the argument for lack of any proffered trial court record in this case that could sustain appellant's position.