**Vincent L. WHITE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 97–CF–455.

District of Columbia Court of Appeals.

Argued Feb. 11, 1999.
Decided April 22, 1999.

Jonathan S. Zucker, Washington, DC, appointed by the court, for appellant.

Emory V. Cole, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Assistant United States Attorney, were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and ABRECHT, Associate Judge, Superior Court of the District of Columbia.*

ABRECHT, Associate Judge:

In this appeal of his conviction of possession of cocaine, D.C.Code § 33–541(d) (1996), appellant Vincent White claims a violation of his right to a jury trial and evidentiary insufficiency. Holding that the trial court erred in not sending the possession charge to the jury as a lesser-included offense as required by our decisions in *Simmons v. United States*, 554 A.2d 1167, 1171 (D.C.1989), and *Chambers v. United States*, 564 A.2d 26, 27 n. 1 (D.C.1989), we reverse. However, holding that the evidence was clearly sufficient, we remand for a new trial.

Appellant Vincent White was charged with a codefendant in a five-count indictment with possession of cocaine with intent to distribute it while armed in violation of D.C.Code § 33–541(a)(1) (1998) and § 22–3202 (1996), possession of a firearm during a dangerous crime in violation of D.C.Code § 22–3204(b) (1996), carrying a pistol without a license in violation of D.C.Code § 22–3204(a) (1996), possession of an unregistered firearm in violation of D.C.Code § 6–2311(a) (1995), and unlawful possession of ammunition in violation of D.C.Code § 6–2361(3) (1995). Trial began before a jury.

At the close of the government's evidence, the trial court granted White's motions for judgment of acquittal on possession of cocaine with intent to distribute and possession of a firearm during that dangerous crime. The court denied motions for judgment of acquittal on all the other counts and on the lesser-included offense of simple possession of cocaine. White began presenting his defense case to the jury by calling his first witness.

The next day, counsel discussed with the court ways to expedite the case in light of the approaching holiday weekend (President's Day). The prosecutor asked whether the drug charge would be in front of the jury or just the court. The court asked defense counsel about the need for the jury to decide misdemeanor charges carrying maximum sentences of 180 days in jail.[1] Defense counsel stated his preference to have the jury decide, but opined that the law permitted the court to take the issue away from the jury. The court remarked that the drug charge would take time away from the jurors' focus on the gun charges which they had to decide. The prosecutor agreed.

The court noted that a jury must determine a defendant's guilt of all lesser-included offenses of each count going to the jury, under Superior Court Criminal Rule 31(c) as construed in *Simmons v. United States, supra,* 554 A.2d at 1171. However, the court did not recall, and counsel did not bring to the court's attention, the fact that this court in a footnote in a later case extended *Simmons* to require jury resolution of lesser-included offenses even when the greater charge is not before the jury. Because all counsel agreed that the court had the authority to reserve to itself consideration of whether appellant was guilty of the misdemeanor offense of possession of cocaine, the court chose to do so in order that counsel could complete their

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1995).

1. It is undisputed between the parties that in July 1994 when this offense was committed, the maximum penalty for possession of cocaine under D.C.Code § 33–541(d) was 180 days in jail. Although the permanent legislation—Misdemeanor Streamlining, Title I of the Omnibus Criminal Justice Reform Amendment Act of 1994, D.C. Law 10–151, 41 D.C.Reg. 2608, 2611—was not effective until August 20, 1994, emergency legislation passed by the Council of the District of Columbia became effective on June 22, 1994.

presentations to the jury before the weekend recess.

Appellant White and his codefendant rested their cases on the weapon offenses before the jury and made closing arguments. The court instructed the jury and excused it for the weekend.

While the jury deliberated on the gun charges, the court heard more defense evidence on the drug charge. White and his mother testified. White denied knowledge of the cocaine. The court questioned him extensively. In due course, the court found him guilty of possession of cocaine, and the jury returned verdicts of not guilty on the pistol and ammunition charges.

Appellant White contends, and we agree, that the court erred in withdrawing the drug charge from the jury's consideration in mid-trial. White also maintains that the court erred in denying his motion for judgment of acquittal on the possession of cocaine charge. On that point, we disagree.

█ The jury issue in this case cannot be distinguished from *Chambers, supra,* 564 A.2d at 27 n. 1. Once a jury trial has begun, only the jury is allowed to find appellant guilty of a lesser-included offense.

Super. Ct.Crim. R. 23(a) mandates that: "Cases required to be tried by jury shall be so tried unless the defendant in open court orally and in writing waives a jury trial with the approval of the Court and the consent of the prosecuting officer." Appellant did not execute a written waiver. Moreover, the trial court did not direct any questions to him directly. Appellant's counsel expressed a preference for a jury determination.

█ Super. Ct.Crim. R. 31(c) provides that the "defendant may be found guilty of an offense necessarily included in the offense charged . . . ." Our prior decisions in *Simmons* and *Chambers,* read together, construed this rule to require that the lesser-included offense be submitted to the jury, even though the court removed the greater offense from jury consideration by granting the judgment of acquittal and the lesser-included offense would not be jury demandable if charged separately. Thus, the court erred in conducting a bench trial without an explicit waiver of a jury trial.

The government argues that appellant's failure to call the *Chambers* footnote to the trial court's attention should be characterized as an invitation to error and should bar relief, even though he made clear his preference for a jury verdict.

The government cites ample authority for the proposition that a party cannot urge one course of action at trial and another on appeal. However, each cited case can be distinguished from the case at bar because in each case on which the government relies a party asked the trial court to take a particular action and then complained of that action on appeal. In *Cowan v. United States,* 629 A.2d 496 (D.C.1993), the defendant disclaimed any interest in the self-defense instruction at trial; but, on appeal, faulted the court for not instructing the jury on self-defense. In *Hackes v. Hackes,* 446 A.2d 396 (D.C. 1982), a divorce case, the wife asked the trial court to distribute the house as marital property; but, on appeal, claimed that the trial court had no authority to distribute it because the house was her sole and separate property. In *Holmes v. United States,* 615 A.2d 555 (D.C.1992), a defendant who did not object to questioning of the defendant by the court was barred from objecting on appeal. In *Little v. United States,* 665 A.2d 977 (D.C.1995), the defendant told the judge she did not want a jury trial; but, on appeal, claimed that she did not waive her right to a jury trial. In *Brown v. United States,* 627 A.2d 499 (D.C.1993), the defendant complained on appeal that the trial court had not given an instruction, although he told the trial court he would prefer that the court not give the instruction.

█ In this case appellant did not ask for a bench trial. Indeed, his lawyer

voiced his preference for a jury verdict, although all parties mistakenly thought that the law permitted the court to take the misdemeanor offense from the jury. On appeal, appellant realizes that the decision of this court (announced in a footnote in *Chambers* ) mandates the very action he requested at trial, namely, a jury determination of the lesser-included offense after a successful motion for judgment of acquittal on the greater offense, even though the lesser-included offense would not be jury-triable if separately charged. Appellant is not barred from asking this court to correct the legal error.

In rare cases where a mistaken legal ruling by the trial court is precipitated by an erroneous concession by a party, the party is permitted to have the error corrected on appeal. In *District of Columbia v. Wical Limited Partnership,* 630 A.2d 174 (D.C.1993), this court reversed a summary judgment order precipitated by improvident representations by the government below. (The trial court ordered the issuance of an illegal permit.) A party's ignorance of the law does not require that an illegal action against him be affirmed.

Appellant is entitled to have corrected the error made as a result of a conscientious trial judge being misled in this case by both the prosecutor and his own counsel because he never waived his right to a jury trial. He could not be denied that right without a personal waiver. Super. Ct.Crim. R. 23(a); *see Hawkins v. United States,* 385 A.2d 744 (D.C.1978).[2] No such waiver—orally and in writing—was executed here.

■ Appellant further contends that the evidence was insufficient to support a conviction for knowing possession of cocaine. We disagree.

Cocaine was found in a car owned by appellant's mother and used by appellant and other family members. On July 7, 1994, appellant borrowed the car for the evening and picked up his girlfriend. Hours after he first took possession of the car, police saw him drive erratically and at a high rate of speed. Upon stopping the car, police observed appellant and two passengers moving around inside the car. White moved side to side and stepped out of the vehicle without putting it in park. He re-entered as the vehicle began to roll backwards. In the vehicle, the police found a pistol protruding from a woman's purse on the floorboard near the front passenger seat and a large chunk of crack cocaine (weighing 5.791 milligrams) under the front dash beneath the steering column near the accelerator pedal.

A reasonable factfinder could find, as the trial court did based on this evidence, that appellant was in constructive possession of the cocaine, that is, he knew the location of the cocaine, he had the ability to exercise dominion and control over the cocaine and he intended to do so. *Guishard v. United States,* 669 A.2d 1306, 1312 (D.C.1995); *In re T.M.,* 577 A.2d 1149, 1151 (D.C.1990). Appellant was out with friends and had been in control of the car for some time before the police stopped him. His actions upon being stopped suggested guilty knowledge. The cocaine was found within easy reach of appellant, near the accelerator pedal. Appellant was in control of the car. Moreover, it is extremely unlikely that any previous user of the car would have left behind such a quantity of cocaine if appellant could not be trusted with knowledge and control. *Patterson v. United States,* 301 A.2d 67, 70 (D.C.1973) (driver in constructive possession of gun concealed in unlocked glove compartment).

■ In considering appellant's claim of insufficient evidence, this court must make no distinction between direct and

---

**2.** That would be true even though the right stemmed directly from the operation of Super. Ct.Crim. R. 31(c) (lesser included offenses), and only indirectly from the constitutional right to a jury trial which he had for the greater offense, possession with intent to distribute.

circumstantial evidence and give full play to the right of the factfinder to draw justifiable inferences and determine credibility. *Curry v. United States,* 520 A.2d 255, 263 (D.C.1987). The government need not negate every possible inference of innocence. *Irick v. United States,* 565 A.2d 26, 30 (D.C.1989).

Thus, although there was no direct evidence of appellant's knowledge and intent, the circumstantial evidence that appellant was in constructive possession of the cocaine was sufficient to support his conviction in light of reasonable inferences that could be drawn.

Accordingly, for the foregoing reasons, we remand for a new trial before a jury.

*Reversed and remanded.*

FARRELL, Associate Judge, concurring:

I am constrained to agree with reversal on the basis of *Chambers v. United States,* 564 A.2d 26, 27 n. 1 (D.C.1989). With all due respect, however, I think *Chambers* was wrongly decided. It relied strictly on *Simmons v. United States,* 554 A.2d 1167 (D.C.1989), which had held—correctly— that when a greater charge is submitted to the jury, Rule 31(c) "requir[es] the jury ... to determine the defendant's guilt of all lesser included offenses ... even though some or all of the lesser included offenses may not be jury-triable if separately charged." *Id.* at 1171.[1] In those circumstances, the unavailability otherwise of a jury trial for the lesser offense yields to the concern embodied in the rule that "failure to give the jury the 'third option' [besides conviction on the greater offense or acquittal] of convicting on a lesser included offense would ... enhance the risk of an unwarranted conviction." *Beck v. Alabama,* 447 U.S. 625, 637, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).[2]

That rationale has no bearing on the situation presented in *Chambers* and here. In both cases the trial court removed the greater offense from the jury's consideration as a matter of law, leaving as the only relevant offense a lesser included crime that was not jury triable. The danger of the jury's being pressured to convict of the greater offense through inability to consider a lesser included one was therefore nonexistent. Even if it could be argued (implausibly) in another case that failure to instruct on simple possession of cocaine pressured the jury to convict unfairly on different but joined offenses (here gun and ammunition possession), that did not happen: the jury acquitted appellant of those offenses. Indeed, at oral argument appellant could cite no reason why the right to a jury trial on a petty offense had to be afforded him in this case—other than that *Chambers* says so.

The holding in *Chambers* was almost an after-thought, rendered in a footnote; the court sustained the defendant's convictions on unrelated greater charges. Some day its application of *Simmons* should be reconsidered.

---

1. This presupposes, of course, that "there is a basis in the evidence for such an instruction." *Simmons,* 554 A.2d at 1171.

2. "[U]nwarranted" because the jury might convict for the "impermissible reason" that the defendant "is guilty of *some* serious crime and should be punished." *Beck,* 447 U.S. at 642, 100 S.Ct. 2382 (emphasis added).