**Olider I. BERROA, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 97–CF–1883.**

District of Columbia Court of Appeals.

Argued Jan. 20, 2000.

Decided Feb. 17, 2000.

---

Douglas Wham, appointed by this court, for appellant.

Mark J. Lesko, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Richard E. Dominguez II, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB, RUIZ, and WASHINGTON, Associate Judges.

SCHWELB, Associate Judge.

Olider L. Berroa was convicted by a jury of felony unlawful distribution of cocaine in a drug free zone, in violation of D.C.Code § 33–547.1(b) (1998), and of one felony count of possession of cocaine with intent to distribute it (PWID), D.C.Code § 33–541(a)(1). The trial judge directed a verdict of acquittal on a second count of PWID, but she found Berroa guilty of the lesser included offense of misdemeanor unlawful possession of cocaine. On appeal, Berroa contends that his felony convictions should be reversed because the trial judge erred in declining to declare a mistrial following a twelve-day delay in the proceedings. Berroa also claims that he was denied the right to a jury trial on the misdemeanor unlawful possession charge. We affirm Berroa's felony convictions but reverse his misdemeanor conviction.

# I.

## THE FELONY CONVICTIONS

### A. *Background.*

Berroa's felony convictions arose out of a sale of cocaine to an undercover police officer on April 8, 1996. Berroa testified at the trial and acknowledged his participation in the transaction. Berroa stated that he became involved in the sale in the hope that the officer would give him some of the cocaine.

Berroa's motion for a mistrial followed a series of events precipitated by the sudden and unexpected mid-trial death of a member of the trial judge's family on or about April 29, 1997, the day after the presentation of evidence had begun. The judge was compelled to discontinue the trial for approximately one week. When the judge returned on Thursday, May 8, 1997, the case could not be resumed immediately because the attorney for Berroa's codefendant was participating in another trial. As a result, the trial did not resume until May 12.

Upon the resumption of the proceedings, Berroa asked the judge to declare a mistrial "due to the extensive time period that the jury has been left solely with the government's case. It's been twelve days." The judge denied the motion, stating, *inter alia*, that in her view a delay of twelve days was not "such a long time that there would be a real memory problem with the government's evidence."

The case went to the jury on May 13, 1997. This presented potential problems for two jurors—one had intended to leave town on May 12, and the other had to testify in a trial in New York on May 14. The judge was aware of these problems, and she instructed the jurors accordingly:

> THE COURT: Now, let me make one other comment to you before I explain how your verdict should be delivered. I understand and—I know that there have been some delays in this trial and I understand that at least two of you have

some serious problems tomorrow, at least, in terms of—perhaps for the rest of the week in terms of other obligations that you have.

> We've lost two of you to sickness, so we—unfortunately, so we now have a jury of—we now have twelve of you and we obviously need to have you all.

> What I'm going to ask you to do is to begin your deliberations today. If you find that you can complete them today, that's fine. If you find that you can't—we've taken this much time. I want to make sure that we continue to give this trial all the time that it deserves. So if you are not ready to reach a verdict by the end of the day, what we'll do is come back and figure out what your schedules are so that we can return when all—when you're all back.

> I understand that one of you—I think at least two of you are scheduled to be out of town tomorrow for commitments that you're not able to change. Is that correct?

> THE JURORS: Yes.

> THE COURT: So the point is that if you—I don't want you to feel like you have to rush to finish today. If you can finish today and that's the amount of time that you all collectively believe the case needs, that's fine, but I don't want anyone to feel pressured to finish[ ] today before they really feel that they're ready or before you feel that you've finished your discussions. We can work out—we've worked out the logistics so far. Believe me, we'll be able to continue to do that.

The jury deliberated for just over 1½ hours and found Berroa guilty of both felony counts.

### B. *Analysis.*

■ A motion for a mistrial is confided to the sound discretion of the trial court. *[Charles S.] Lee v. United States,* 562 A.2d 1202, 1204 (D.C.1989). "[T]he fundamental rationale in leaving the mat-

ter of prejudice *vel non* to the sound discretion of the trial judge is that the judge is in the best position to evaluate it .... That is to say, the judge has [her] finger on the pulse of the trial." *Peyton v. United States,* 709 A.2d 65, 69 (D.C.1998) (quoting *State v. Hawkins,* 326 Md. 270, 604 A.2d 489, 493 (1992)).

■■■ "A mistrial is a severe remedy—a step to be avoided whenever possible, and one to be taken only in circumstances manifesting a necessity therefor." *Id.; see also United States v. Clarke,* 306 U.S.App. D.C. 251, 264, 24 F.3d 257, 270 (1994). A mistrial should not be declared if "the right of the defendant[ ] to a fair trial [can] be effectively secured by means of an instruction to the jury, without aborting the proceedings and compelling the parties to begin all over again." *Peyton, supra,* 709 A.2d at 69.

Applying these standards to the present case, we are satisfied that the trial judge acted well within her discretion in denying Berroa's motion for a mistrial. Berroa's attorney acknowledges that the judge's instruction to the jury, quoted above, was appropriate. Indeed, the judge was quite forceful in insisting that the jurors must give appropriate consideration to the evidence and that they must not permit time pressures to affect the verdict. Although the jury's deliberations were brief, the prosecution's case against Berroa was compelling. Indeed, Berroa effectively admitted his guilt, and a speedy verdict would not have been at all astonishing even if there had been no delay in the trial. We discern no "structural error" or, indeed, any error at all. *See, e.g., United States v. Smith,* 44 F.3d 1259, 1267–69 (4th Cir.), *cert. denied,* 514 U.S. 1113, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995) (trial judge did not abuse his discretion by declining to grant a mistrial where a thirty-two day mid-trial continuance had been granted to accommodate the judge's vacation plans and defendant's illness); *State v. Kanae,* 89 Hawai'i 198, 970 P.2d 506, 510 (1998) (trial judge did not abuse his discretion by denying a motion for a mistrial where jury deliberations had been delayed for seventeen days); *but see United States v. Hay,* 122 F.3d 1233, 1234 (9th Cir.1997) (prejudice should have been inferred without a specific showing thereof where trial judge recessed the trial for forty-eight days to enable two jurors to take planned vacations).

## II.

### THE MISDEMEANOR CONVICTION

■■■ After the trial judge granted Berroa's motion for judgment of acquittal on the second PWID charge, which arose out of an incident on July 18, 1996, she announced that the lesser included charge of unlawful possession of cocaine would be tried by the court. Berroa's attorney did not object. Berroa did not, however, execute a written waiver of his right to a jury trial, as required by Super. Ct.Crim. R. 23(c).

■■■ A defendant generally has no right to a jury trial for misdemeanor possession of cocaine. *See,. e.g., White v. United States,* 729 A.2d 330, 331 n. 1 (D.C.1999). In *White,* however, this court held under circumstances substantially identical to those now before us, that "the lesser-included offense [must] be submitted to the jury, even though the court removed the greater offense from jury consideration by granting the judgment of acquittal and [even though] the lesser-included offense would not be jury-demandable if tried separately." *Id.* at 332 (citing Super. Ct. Crim. R. 31(c); *Chambers v. United States,* 564 A.2d 26, 27 n. 1 (D.C.1989); and *Simmons v. United States,* 554 A.2d 1167, 1171 (D.C.1989)). In *White,* defense counsel expressed a preference for a jury trial, but opined that the law permitted the judge to take the case away from the jury.

■■■ We conclude that *White* is indistinguishable in principle from the present case. Relying on Judge Farrell's concurring opinion in *White,* 729 A.2d at 334, the

government contends that the *Chambers* case, which the court deemed controlling in *White*, was erroneously decided. We do not reach the merits of the government's argument, however, and we express no opinion on the subject, for as a division of the court, we are not free to ignore the controlling authority of *White* and *Chambers;* only the en banc court has the authority to overrule these decisions. *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).

The government also argues that the authority of *Chambers* has been undermined by *Hopkins v. Reeves*, 524 U.S. 88, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998), and that we therefore are not bound to follow *Chambers. See, e.g., [David] Lee v. United States*, 668 A.2d 822, 828 (D.C.1995). *Hopkins*, however, involved an entirely different issue, *i.e.*, whether, in a felony murder case, in which the prosecution was seeking the death penalty, the trial judge was required to instruct the jury with regard to lesser included offenses in order to avoid forcing the jury "into an all or nothing choice between capital murder and innocence," *id.* at 98, 118 S.Ct. 1895, even though the offenses in question were not lesser-included offenses of felony murder under state law.[1]

Government counsel conceded at oral argument that he was aware of no decision permitting this court to avoid its obligation to follow one of its precedents on the basis of an allegedly supervening Supreme Court decision where the issue before the Supreme Court was as far removed from the one before this court as *Hopkins* is from *Chambers. Cf. Thomas v. United States*, 731 A.2d 415, 420 (D.C.1999) ("[t]his court will not lightly deem one of its decisions to have been implicitly overruled and thus stripped of its precedential authority") (quoting *[David] Lee, supra,*

668 A.2d at 828). Accordingly, the rule of *M.A.P. v. Ryan* controls here.

### III.

### CONCLUSION

For the foregoing reasons, Berroa's felony convictions are affirmed. His misdemeanor conviction is reversed, and the case is remanded for a jury trial in the event that the government chooses to reprosecute the misdemeanor count.

*So ordered.*

---

1. Distinguishing *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the Court held that no such lesser-included offense instruction was constitutionally required where state law did not provide for a lesser-included offense and where the jury was not involved in the imposition of sentence.