Olider I. BERROA, Appellant,

v.

UNITED STATES, Appellee.

No. 97–CF–1883.

District of Columbia Court of Appeals.

Oct. 5, 2000.

Wilma A. Lewis, United States Attorney, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, filed the petition for appellee.

Douglas Wham, Washington, DC, appointed by the court, filed an opposition to the petition.

Before WAGNER, Chief Judge, and TERRY, STEADMAN, SCHWELB, FARRELL, RUIZ, REID, GLICKMAN, and WASHINGTON, Associate Judges.

### ORDER

PER CURIAM.

On consideration of appellee's petition for rehearing en banc, and the response thereto; and it appearing that the majority of the judges of this court has voted to grant appellee's petition for rehearing en banc, it is

ORDERED that appellee's petition for rehearing en banc is granted. The opinion of the division, published at 745 A.2d 949 (D.C.2000), is vacated as to parts II and III, and the judgments of conviction are affirmed for the reasons stated in part I of the division's opinion and in the en banc opinion of the court issued this date.

**On Petition for Rehearing En Banc**

PER CURIAM:

We granted rehearing en banc to decide a recurrent issue involving a crimi-

nal defendant's right to a jury trial for an offense, not otherwise jury-demandable, that is a lesser included offense of a charged, jury-triable crime. We have previously held that an offense not normally triable to a jury must nonetheless be submitted to it if, on the facts of the case, the jury could rationally convict of that offense as a lesser included one of the crime charged. *Simmons v. United States*, 554 A.2d 1167 (D.C.1989). We so held because Super. Ct.Crim. R. 31(c), and implicitly due process, requires that result.[1] The question this case presents is whether the same result pertains when the trial judge has removed the charged (or greater) offense from the jury by granting a motion for judgment of acquittal before verdict. We hold that in that type of case the lesser included offense is properly triable to the court and not the jury.

## I.

■ Berroa was charged with unlawful distribution of cocaine in a drug free zone (D.C.Code § 33–547.1(b) (1998)) and two counts of possession of cocaine with intent to distribute it (PWID) (D.C.Code § 33–541(a)(1)). These crimes are jury-demandable. *See generally, Burgess v. United States*, 681 A.2d 1090, 1093–94 (D.C.1996); D.C.Code § 16–705 (1997). As to one of the PWID charges, the trial judge granted Berroa's motion for judgment of acquittal at the conclusion of the evidence, but because the evidence fairly permitted his conviction for the lesser included offense of simple possession of cocaine, D.C.Code § 33–541(d), and because that crime is not normally jury-demandable, *see Brown v. United States*, 675 A.2d 953 (D.C.1996), the judge declared that she would render decision on that charge. The jury then convicted Berroa of the charges submitted to it, and the judge convicted him of simple possession.

On appeal, a division of this court affirmed the jury verdicts but reversed the conviction for simple possession, on the authority of *White v. United States*, 729 A.2d 330 (D.C.1999), and *Chambers v. United States*, 564 A.2d 26 (D.C.1989). *See Berroa v. United States*, 745 A.2d 949, 952–53 (D.C.2000). Both of those decisions had held (in the words of *White*) that upon request and when warranted by the evidence, a lesser included offense "[must] be submitted to the jury, even though the court [has] removed the greater offense from jury consideration by granting [a] judgment of acquittal and [even though] the lesser-included offense would not be jury demandable if [tried] separately." *White*, 729 A.2d at 332. In reaching that result, the *White* court considered itself bound by the holding of *Chambers*, which in turn had believed the same result compelled by application of *Simmons v. United States, supra*. We granted the government's petition for rehearing en banc to consider whether *Simmons*, which the government concedes was rightly decided, necessitated the result in *Chambers*.[2]

## II.

■ It has long been the rule in this jurisdiction that jury-demandable and non-jury-demandable counts joined in a single indictment may be tried concurrently by the jury and judge. *Copening v. United States*, 353 A.2d 305 (D.C.1976). "Underlying the *Copening* holding is the principle that each count in an indictment is a separate charge, conceptually distinct from the other counts." *Simmons*, 554 A.2d at 1171. It is also well established that a defendant may be tried for an uncharged offense that is a lesser included offense of a crime charged in the indictment. *See Towles v. United States*, 521 A.2d 651, 657 (D.C.1987); Super. Ct.Crim. R. 31(c).[3] In

---

**1.** Our opinion today implies no retreat from the result and reasoning of *Simmons*.

**2.** We have not ordered en banc briefing beyond the petition for rehearing en banc and opposition already received, and have dispensed with oral argument as unnecessary to our consideration of the issue. *See Eason v. United States*, 704 A.2d 284 (D.C.1997) (en

banc).

**3.** Rule 31(c) provides that "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

*Simmons,* we addressed the novel issue of whether the judge or the jury is the proper trier of fact for a lesser included offense that would not ordinarily be jury-demandable, when the greater, charged offense is tried to a jury. We held that *"Copening* does not apply when a defendant is charged in a single count with a single offense" but on the facts is entitled to a lesser included offense instruction. In that case, we said, "the court must instruct the jury, upon request, on any lesser included offense, jury-triable or not." *Simmons,* 554 A.2d at 1171 (emphasis deleted).

■ Although the holding in *Simmons* relied expressly on Rule 31(c), *supra* note 3, it was grounded in notions of due process and the danger "of an unwarranted conviction" that failure to give a lesser included offense instruction in these circumstances would create. *Beck v. Alabama,* 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). As the Supreme Court elaborated in *Spaziano v. Florida,* 468 U.S. 447, 455, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984): "The absence of a lesser included offense instruction increases the risk that the jury will convict, not because it is persuaded that the defendant is guilty of [the greater offense], but simply to avoid setting the defendant free." *See also Beck,* 447 U.S. at 637, 100 S.Ct. 2382 ("[W]hen the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element . . .—the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction."); *Keeble v.*

*United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) ("Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction [if no lesser offense instruction is offered]."); *Moore v. United States,* 599 A.2d 1381, 1387 (D.C.1991) (the trial court erroneously failed to give the jury trying a mayhem count the option of considering a lesser included offense of simple assault; the defendant was prejudiced because the "jury was compelled either to acquit Moore on the mayhem charge or to find him guilty as charged.' No intermediate option was available.").[4]

Decisions of the Supreme Court and this court thus clearly identify the prejudice to the defendant which flows from having the court, rather than the jury, consider a non-jury-demandable lesser included offense: the jury is deprived of the opportunity to consider the lesser option and might well resolve its doubts in favor of convicting on the greater offense rather than acquitting. That prejudice, however—the risk of "distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice," *Spaziano,* 468 U.S. at 455, 104 S.Ct. 3154—is not present when the jury considers *only* the lesser included charge. As the concurring judge stated in *White, supra,* explaining why the "rationale [of the *Spaziano* line of cases] has no bearing on the situation presented in *Chambers* and [*White* ]":

> In both [of those] cases the trial court removed the greater offense from the jury's consideration as a matter of law, leaving as the only relevant offense a lesser included crime that was not jury triable. The danger of the jury's being

---

4. We recognize that federal courts of appeals are divided over whether the holding of *Beck,* a capital case (as was *Spaziano* ), extends to non-capital cases as well. *Compare, e.g., Vujosevic v. Rafferty,* 844 F.2d 1023, 1027 (3d Cir.1988) *with Valles v. Lynaugh,* 835 F.2d 126, 127 (5 th Cir.1988). That debate commonly arises in the context of federal habeas review of state convictions. *See, e.g., Solis v. Garcia,* 219 F.3d 922, 928–29 (9 th Cir.2000). We adhere to the view we stated in *Moore,* 599 A.2d at 1387, that "[w]hen there is an evidentiary basis for an instruction on a less

included offense, the defendant's right to such an instruction implicates constitutional considerations of basic fairness." *See also Keeble,* 412 U.S. at 213, 93 S.Ct. 1993 ("[W]hile we have never explicitly held that the Due Process Clause of the Fifth Amendment guarantees the right of a defendant to have the jury instructed on a lesser included offense, it is nevertheless clear that a construction of the Major Crimes Act to preclude such an instruction would raise difficult constitutional questions.").

pressured to convict of the greater offense through inability to consider a lesser included one was therefore nonexistent.

*White,* 729 A.2d at 334 (Farrell, J., concurring). In such a case there is no reason, grounded in either due process or Rule 31(c), for permitting a jury trial on an offense that neither the Sixth Amendment nor D.C.Code § 16–705 makes jury-triable.[5]

■ Because the trial court removed the charged offense in question (PWID) from the jury's consideration, Berroa was not entitled to a jury trial on the lesser included offense of simple possession. To the extent that our decisions in *White* and *Chambers* would dictate otherwise,[6] we overrule them.

The judgment of the Superior Court is affirmed in its entirety.

*So ordered.*

**5.** Contrary to appellant's argument, the fact that Rule 31(c) permits the government as well as the defendant to request a lesser included offense instruction when appropriate is no reason to afford a jury-trial right that otherwise does not exist. Under *Simmons,* regardless of who requests consideration of the lesser included offense, due process entitles the defendant to have the offense submitted to the jury. When due process is not implicated, the correct result depends strictly on whether the Sixth Amendment or D.C.Code § 16–705 affords the right to a jury trial.

**6.** *See White,* 729 A.2d at 331; *Chambers,* 564 A.2d at 27 n. 1. As the concurring opinion in *White* stated, the footnote holding in *Chambers* that led to the decisions in *White* and by the division in this case appears to have been "almost an after-thought," since the court upheld the defendant's convictions on unrelated greater charges. *White,* 729 A.2d at 334 (Farrell, J., concurring).