Allison YORK, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CF–522.

District of Columbia Court of Appeals.

Argued Sept. 28, 2000.

Decided July 25, 2002.

Monoranjan Bezboruah, appointed by the court, for appellant.

Elizabeth Trosman, Assistant United States Attorney, with whom Wilma A.

Lewis, United States Attorney at the time the brief was filed, and John R. Fisher and Sharon A. Sprague, Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN, RUIZ, and GLICKMAN, Associate Judges.

RUIZ, Associate Judge:

Allison York appeals her conviction of two counts of assault under D.C.Code § 22–504 (1996), recodified at D.C.Code § 22–404 (2001), claiming that she was denied her right to a jury trial under *Simmons v. United States,* 554 A.2d 1167 (D.C. 1989), and that the evidence presented was insufficient to support the judgment. Because we conclude that York did not suffer the possible harm *Simmons* was intended to preclude, and that the evidence was sufficient, we affirm.

## I.

A grand jury indicted Allison York on one count of cruelty to a child (C.Y.) in the first degree, *see* D.C.Code § 22–901(a) (1996), recodified at D.C.Code § 22–1101(a) (2001), two counts of cruelty to two other children (B.D. and J.M.) in the second degree, *see* D.C.Code § 22–901(b) (1996), recodified at D.C.Code § 22–1101(b) (2001), and three counts of assault, one against each child, *see* D.C.Code § 22–404. At the suggestion of the prosecution, and without objection from the defense, the court submitted the cruelty charges to a jury, but withheld the assault counts for decision by the court. The jury acquitted York of the two cruelty charges involving B.D. and J.M., but deadlocked on the charge concerning C.Y. One week later, the court convicted York of two counts of assault, involving C.Y. and B.D. Upon the government's motion, the trial court dismissed with prejudice the first degree cru-

elty count relating to C.Y., on which the jury had been unable to reach agreement.

 York contends that the trial court erred by not submitting the assault charges to the jury. Once a trial is underway, only the jury may find the defendant guilty of a lesser included offense. *See Chambers v. United States,* 564 A.2d 26, 27 n. 1 (D.C.1989). York claims that assault is a lesser included offense of cruelty to a child, and that the trial court erred by not submitting the assault charges to the jury *sua sponte.*

The parties disagree on the appropriate standard of review for this matter. York urges this court to consider the alleged error to be a fact-free question of law, and thus subject to *de novo* review. The government asserts that defense counsel's failure to object during trial limits this court to plain error review. *See Hall v. United States,* 343 A.2d 35, 37 (D.C.1975) (holding that appellate courts will not notice errors raised for the first time on appeal "absent a clear showing of miscarriage of justice"). York responds that her attorney's failure to object cannot limit her right to a jury trial because, under the Superior Court Rules of Criminal Procedure, a defendant may waive a jury trial *only* through a personal waiver, and not the inaction of counsel. *See Jackson v. United States,* 498 A.2d 185, 189 (D.C.1985) (holding that the right to a jury trial may only be waived by the defendant herself, and, to be effective, must be done both orally and in writing). With no effective waiver in the trial court, York claims the right to *de novo* review.

 The appropriate standard of review for this matter is, as the government suggests, plain error. York's argument is incorrect because it conflates the plain error doctrine with the concept of waiver. A waiver is an "intentional or voluntary relinquishment of a known right." BLACK's

LAW DICTIONARY 1580 (6th ed.1999). Waiver precludes any appellate review. *See United States v. Weathers,* 337 U.S.App. D.C. 362, 369, 186 F.3d 948, 955 (1999) ("When an error is waived ... it is extinguished; the result is that there is no error at all and an appellate court is without authority to reverse a conviction on that basis."). When an objection is made in the trial court, we review questions of law *de novo.* The failure to bring an alleged error to the attention of the trial court, however, though not an abandonment or relinquishment that precludes judicial review, does place a burden on the moving party to show that an error—even one involving a question of law—was "plain," "affected substantial rights" and resulted in manifest injustice. *See* Super. Ct.Crim. R. 52(b) (defining plain error review); *accord United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that the plain error doctrine, as applied by federal courts, is a jurisdictional rule that limits the ability of appellate courts to correct errors brought for the first time on appeal); *Hall,* 343 A.2d at 37 (holding that this court will correct errors raised for the first time on appeal only to prevent a miscarriage of justice).

If, contrary to fact, York had waived her right to a jury trial,[1] there would be no error for this court to correct. Because her attorneys failed to object, this court may determine there was error, *see White v. United States,* 729 A.2d 330, 332–33 (D.C.1999) (holding that trial court's failure to submit a lesser included offense to the jury may be reversed by the appellate court even if the defense attorney agreed, mistakenly thinking that the law permitted the court to take a lesser included offense from the jury), *overruled in part by Berroa v. United States,* 763 A.2d 93 (D.C.

2000) (en banc), but York has the additional burden of showing that the alleged error was plain and affected substantial rights, resulting in a manifest injustice, *see* Super. Ct.Crim. R. 52(b); *accord Williamson v. United States,* 445 A.2d 975, 980 n. 4 (D.C. 1982) (applying plain error review to a decision not to offer a lesser included offense instruction where defense counsel failed to object); *Hall,* 343 A.2d at 38 (same).

Turning to the merits, we begin by noting that because assault is a misdemeanor punishable by imprisonment of no more than 180 days and a fine of not more than $1000, *see* D.C.Code § 22–404(a), appellant had no independent statutory or Sixth Amendment right to a jury trial. *See* D.C.Code § 16–705 (2001); *Day v. United States,* 682 A.2d 1125, 1130 (D.C.1996), *cert. denied,* 520 U.S. 1170, 117 S.Ct. 1435, 137 L.Ed.2d 542 (1997). There is a rule grounded in due process, however, that lesser included offenses must be submitted to the jury so as not to confront the jury with an all-or-nothing decision to convict or acquit, with the risk that the jury may convict on the greater offense merely to find an apparently culpable defendant guilty of something, even if the government did not prove every element of the greater offense. *See Berroa,* 763 A.2d at 95 ("The absence of a lesser included offense instruction increases the risk that the jury will convict, not because it is persuaded that the defendant is guilty of [the greater offense], but simply to avoid setting the defendant free.") (quoting *Spaziano v. Florida,* 468 U.S. 447, 455, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984)); *accord Simmons,* 554 A.2d at 1171 (holding that "the court must instruct the jury, upon request, on *any* lesser included offense, jury-triable or not, whenever there is a

---

1. The government does not contend that York waived her right to jury trial.

basis in the evidence for such an instruction"). The parties are in sharp disagreement over a predicate to the appellant's claim that this rule entitled him to have the assault charges submitted to the jury: whether assault is a lesser included offense of first and second degree cruelty to a child. We need not decide this question because the trial court here would not have committed reversible error even if, *arguendo,* assault is a lesser included offense of cruelty to a child. Here, the risk that animates the rule was evidently averted because the jury acquitted York of two counts of the greater offense of cruelty to a child without the benefit of an assault instruction, and she is not subject to retrial on the cruelty charge on which the jury deadlocked, as it was dismissed with prejudice. In the absence of harm, the error cannot be "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *See Woodall v. United States,* 684 A.2d 1258, 1262 (D.C.1996) (quoting *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc)). Thus, there was no plain error.

## II.

■ York also contends that the evidence presented was insufficient to support her assault convictions because (1) the government's witnesses were either not credible or the court misinterpreted their testimony, and (2) the verdict of the court was inconsistent with that of the jury.

■ In evaluating the sufficiency of the evidence, this court views the evidence "in the light most favorable to the government, recognizing the factfinder's role in weighing the evidence, determining the credibility of witnesses, and drawing justifiable inferences from the evidence." *Mihas v. United States,* 618 A.2d 197, 200 (D.C.1992) (quotations omitted). Reversal will be warranted only if "the government presented no evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *Id.*

Viewing the evidence in the light most favorable to the government, York's arguments have no merit. Here, the evidence is clearly sufficient. C.Y., one of the 6–year–old complainants, testified that York, his teacher, held his hands behind his back and told his classmates to hit him. Two of the students, B.D. and J.M., corroborated his story, as did a teacher's aide who was present during the incident, and a pediatrician who treated C.Y. the next day for a bruise around his left eye. Even the principal of the school, who had an incentive to support York to protect both his reputation and that of the school, testified that York confessed to him that she held C.Y. while other children struck him. A second complainant, 6–year–old B.D., testified that York attacked her in the same manner. Another student, J.M., corroborated her testimony and testified that he was similarly treated by York. The trial court explicitly found the testimony of the government's witnesses credible, and the testimony of York to be fabricated. We leave determinations of credibility to the trier of fact, who, unlike this court, had an opportunity to observe the witnesses' demeanor directly.

■ We also see no inconsistency between the trial judge's finding of guilt on the assault charges involving C.Y. and B.D., and the jury's acquittal on two of the cruelty charges. On the cruelty charge concerning C.Y., which was subsequently dismissed with prejudice, the jury deadlocked, and did not acquit. There can be no inconsistency where the jury made no finding. Even though the jury acquitted York on the cruelty charge concerning B.D., and the trial court found her guilty of assaulting that child, York herself testified that she had physically "restrained"

B.D. in self-defense because she thought the little girl was going to throw a pencil sharpener at her, a claim that the trial court expressly discredited. York's admission that she physically restrained B.D., coupled with the children's accounts credited by the trial court, therefore, sufficed to prove the assault. That the jury might have thought the evidence insufficient to convict on the felony charge of second degree cruelty to a child, which requires "a grave risk of bodily injury to a child,"

D.C.Code § 22–1101(b)(1), does not make its verdict inconsistent with the finding of misdemeanor assault by the trial judge.

*Affirmed.*