**Gary L. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 96–CF–1312, 98–CO–1398.**

District of Columbia Court of Appeals.

Argued Nov. 19, 1999.

Decided Jan. 20, 2000.

---

Donald W. Whitehead, Jr., Ellicott City, MD, for appellant.

Michael G. Geffroy, Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on the brief for appellee.

Before STEADMAN and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

Appellant, Gary L. Jones, was convicted of possession with intent to distribute cocaine while armed ("PWID"), possession of a firearm during a crime of violence or dangerous offense ("PFCV"), carrying a pistol without a license ("CPWOL"), possession of an unregistered firearm ("UF"), unlawful possession of ammunition ("UA"), and unlawful possession of marijuana.[1] Appellant contends (1) the evidence is insufficient to sustain the drug convictions, and (2) that the trial court erred in denying his post-conviction motion without a hearing. We reject the challenge to sufficiency, but remand for further proceedings on the latter question.

## I.

In late November 1994 appellant stopped at a carry out restaurant, placed

---

1. D.C.Code §§ 33–541(a)(1), 22–3202, 22–3204(b), 22–3204(a), 6–2311(a), 6–2361, 33–541(d) (1989 Repl. & 1994 Supp.).

his order, and returned to sit in his recently purchased Jeep vehicle while his food was being prepared. He sat in the vehicle in a no parking zone, near a fire hydrant, with flashers on and the engine running. Metropolitan Police Department officers Littlejohn and Solomon approached the Jeep and requested appellant's license and registration. While officer Littlejohn was obtaining information from appellant, the other officer observed the handle of a pistol protruding from beneath the front passenger seat of the vehicle. After a warning to Officer Littlejohn, appellant was ordered out of the jeep and arrested. The officers seized the firearm, loaded with ammunition, from the vehicle. Simultaneously, Officer Littlejohn discovered a white paper bag in the Jeep's air vent located under the dash board proximate to the driver's seat. The bag contained four rocks of cocaine and a separate bag of marijuana.

Before trial, the government made a series of offers for a plea bargain; ultimately appellant could have pleaded guilty to a weapons offense and one misdemeanor drug charge. However, this offer was rejected and the case was tried. At the conclusion of a bench trial appellant was convicted of the charged offenses on June 16, 1995. In addressing the court prior to sentencing, appellant's counsel noted that post-trial discussions with appellant's family had surfaced a number of concerns bearing on appellant's capacity to make decisions in the instant case. In this regard counsel alluded to appellant's apparent fixation on his newly purchased vehicle and his torment about his deceased mother. In response, the court delayed sentencing several times to allow a competency evaluation of appellant. A psychologist found appellant competent for purposes of sentencing, but recommended further eval-

uation. On December 5, 1995, a psychiatrist found appellant competent then and during plea negotiations. Appellant was sentenced on December 14, 1995 and received concurrent terms of incarceration.[2]

The direct appeal was stayed pending the outcome of appellant's motion pursuant to D.C.Code § 23–110 (1996 Repl.) filed on November 7, 1997. Appellant claimed in the motion that his trial counsel never informed him that, by proceeding to trial instead of accepting a plea agreement on the table, he faced mandatory minimum sentences significantly longer than the sentence associated with the plea offer. Appellant filed an affidavit in support of this motion, specifically stating his allegations regarding trial counsel and explaining their significance: "If my attorney had informed me that the two offenses carried five-year mandatory minimum terms without the opportunity for parole, I would have accepted the offered plea agreement." The motion was denied without a hearing on June 16, 1998. The two appeals are now consolidated before us.

## II.

Appellant contends the evidence was insufficient to sustain the drug convictions. We must therefore determine "whether, after viewing the evidence in the light most favorable to the government, drawing all reasonable inferences in the government's favor, and giving deference to the [fact finder's] right to determine credibility and weight, there was sufficient evidence 'from which a reasonable mind might infer guilt beyond a reasonable doubt.'" *Blakeney v. United States*, 653 A.2d 365, 369 n. 3 (D.C.1995) (*quoting Gayden v. United States*, 584 A.2d 578, 580 (D.C.1990), *cert. denied*, 502 U.S. 843, 112 S.Ct. 137, 116 L.Ed.2d 104 (1991)); *see*

2. Appellant received a sentence of five to fifteen years each for PWID while armed and PFCV, one to three years for CPWOL, one year each for UF and UA, and 180 days for possession of marijuana. On September 10, 1996, appellant was re-sentenced identically in order to permit the timely filing of a notice of appeal.

*White v. United States,* 729 A.2d 330, 333 (D.C.1999); *Speight v. United States,* 671 A.2d 442, 454–55 (D.C.1996).

 The government had to prove that appellant (1) knowingly and intentionally; (2) possessed cocaine and marijuana; and (3) intended to distribute the cocaine. D.C.Code § 33–541(a)(1) (1989 Repl. & 1994 Supp.). Thus the contested issue was knowledge and intent.[3] The evidence established: (1) the Jeep belonged solely to appellant; (2) appellant was alone in the Jeep; (3) the white bag was visible from the driver's seat and dominantly filled the nearest vent; (4) the Jeep was otherwise very clean; (5) the vent was located on the same side as the ignition and next to a console that held some of appellant's personal items; and (6) appellant had an unlicensed loaded 9mm pistol within his reach. Accordingly, there was sufficient evidence from which a reasonable fact finder could infer guilt beyond a reasonable doubt.

### III.

 Although questions surrounding appellant's capacity to make decisions regarding this case were first raised with the court in the context of competency, appellant's trial counsel, before sentencing, also expressed misgivings about the factors which may have influenced appellant's decision to go to trial. Counsel also voiced concern as to the adequacy of his own advice to appellant with respect to the range of possible sentences, which could, in turn, affect the decision whether to go to trial or effect a plea bargain. On appeal, appellant now argues it was error for the trial court to deny his 23–110 motion, alleging ineffective assistance of counsel, without a hearing.

In motions of this kind there is a presumption in favor of conducting a hearing unless there are no material questions of fact to be resolved, and the contentions can be resolved on the basis of existing files and records in the case. *Ready v. United States,* 620 A.2d 233, 234 (D.C.1993). The trial judge, relying upon *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), concluded that counsel had likely given adequate advice to appellant, but in any event, appellant could not, in present circumstances, demonstrate prejudice as required by *Strickland.* She reasoned that prior to trial and at trial, appellant consistently denied any knowledge of the drugs which were seized. Thus she concluded that since appellant had insisted on a trial, he could not, at the end of trial, demonstrate any prejudice, or worse position which was attributable to counsel.

Although this analysis may or may not ultimately prevail, we think there was a step missed. Whether to waive trial and plead guilty is, as the trial judge recognized, a decision made by the client. However, the critical question, particularly in the context of a direct challenge raising factual questions with respect to counsel's advice, is whether counsel gave a reasonably clear explanation of the possible penalties in comparing a trial to a plea bargain. *See* Super. Ct.Crim. R. 11(1)(C). Furthermore, the trial court's conclusion that appellant would not have pled guilty (based solely on the fact that he asserted innocence at trial) is directly at odds with appellant's affidavit stating that he would have in fact pled guilty but for his counsel's omission. Although the judge noted, as an aside, that it is unlikely that counsel would fail to advise his client appropriately, resolution of that question is necessary.

---

3. The government proved appellant had 16.45 grams of cocaine and 2.025 grams of marijuana—some measurable amount of the drugs. *See Thomas v. United States,* 650 A.2d 183 (D.C.1994) (*en banc*). The amount of the cocaine, valued at upwards of one thousand dollars, is sufficient to prove intent to distribute. *See Taylor v. United States,* 662 A.2d 1368, 1371 (1995).

Whatever appellant ultimately decided, he was entitled to competent advice before making his decision. Laying competency aside, there were straightforward factual questions to resolve. In a hearing, not necessarily protracted, trial counsel could address these matters, including the existence, or lack thereof, of a possible disposition of the case pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court, informed by the evidence, can then assess the circumstances and render its ruling. We therefore conclude a hearing was necessary to resolve the questions presented.

### IV.

Accordingly, we hereby affirm the convictions entered by the trial court. We remand the matter for a hearing on the motion raising the question of ineffective assistance of counsel.

*So ordered.*